**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Duane Bryan Heward, et al., | No. CV-19-05155-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Ahmed Thahab, | |
| Defendant. | |

Pending before the Court is Plaintiffs' Motion for Attorneys' Fees (Doc. 41). Defendant filed a Response in opposition (Doc. 51), and Plaintiff filed a Reply (Doc. 54). The Court struck all statements from Defendant's Response that bore no relation to the subject matter of the attorneys' fees request. Therefore, the Court will only consider Defendant's arguments directly related to attorneys' fees. (Doc. 53).

**I.   Background**

In September 2019, Plaintiffs brought this action for violations of the Motor Vehicle Information and Costs Savings Act, 49 U.S.C. § 32701, *et seq.* ("Odometer Act"), and the Arizona Consumer Fraud Act, A.R.S. § 44-1521, *et seq.* ("ACFA").  (Doc. 1 at ¶ 2). Following a bench trial on the merits, on May 14, 2021, the Court entered judgment in Plaintiffs' favor and awarded them $19,595.58 in combined actual and punitive damages. (Doc. 38). The Court further ordered Plaintiffs' counsel to file the present motion for attorneys' fees and costs. (*Id.*) For the following reasons, the Court will grant Plaintiffs' Motion.

**II.     Attorney Fee Award**

A party seeking an award of attorney's fees must show it is eligible and entitled to an award, and that the amount sought is reasonable. LRCiv 54.2(c).

*a. Eligibility*

The Odometer Act provides that a plaintiff is entitled to recover three times the amount of his or her actual damages, or $10,000, whichever is greater. 49 U.S.C. § 32710(a). Prevailing plaintiffs are also entitled to recover reasonable attorney's fees and costs. *Id.* Because Plaintiffs brought an Odometer Act claim, they are eligible.

*b. Entitlement*

The Odometer Act specifies that "[t]he court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person." 49 U.S.C. § 32710(b). The award of attorney's fees to a successful plaintiff is mandatory under the Act. *See Duval v. Midwest Auto City Inc.*, 578 F.2d 721 (8th Cir. 1978). "The value of an attorney's services is not only measured by the amount of the recovery to the plaintiff, but also the non-monetary benefit accruing to others, in this case the public at large from his successful vindication of a national policy to protect consumers from fraud in the used car business." *Fleet Inv. Co. v. Rogers*, 620 F.2d 792 (10th Cir. 1980). Since Plaintiffs received a judgment in their favor under the Odometer Act, Plaintiffs are entitled to an award of reasonable attorney's fees for the time necessarily and reasonably expended.

*c. Reasonableness*

The Court will use the lodestar method to assess Plaintiffs' proposal because this is a statutory award. *See Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Under the lodestar method, courts determine the initial lodestar figure by taking a reasonable hourly rate and multiplying it by the number of hours reasonably expended on the litigation. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) (citing *Hensley*, 461 U.S. at 433). To determine whether an award is reasonable, courts assess the following factors:

(1) the time and labor required, (2) the novelty and difficulty of the questions

> involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976); *see also* LRCiv 54.2(c)(3). Once this initial lodestar figure is calculated, courts may then adjust the result by considering "other factors." *Blanchard*, 489 U.S. at 94.

Plaintiffs' Motion goes through the relevant *Kerr* factors and requests a total award for fees and costs of $22,372.50. (Doc. 54 at 7). The Court will review Plaintiffs' request for attorney fees under the *Kerr* factors.

**1. Time and Labor Required**

Plaintiffs' counsel represents this case required 47.1 hours of his time. (*Id.*) Plaintiffs further represent an odometer fraud case is unique and unlike the typical personal injury case. (Doc. 41 at 5). The Odometer Act requires plaintiffs to not only show a violation of prohibited conduct, but also requires plaintiffs to prove the defendant's fraudulent intent. 49 U.S.C. §§ 32710(a), 32709(d)(1)(B). *See also Hill v. Bergeron Plymouth Chrysler*, 456 F. Supp. 417 (E.D. La. 1978).

Given that Defendant proceeded *pro se* for most of the case, Plaintiffs experienced other difficulties. Indeed, the parties participated in a settlement conference, but the conference was cut short when Defendant told Magistrate Judge Bibles he was going to hire counsel. Defendant never hired counsel.[1] (Doc. 41 at 5). Defendant also provided no documentation or evidence to support his claimed defenses. (*Id.* at 6). Despite Defendant's recalcitrance, Plaintiffs submit the time expended in the prosecution of this action was modest because of counsel's experience in odometer fraud litigation. (*Id.*) Defendant failed to cite to a time entry in Plaintiffs' fee request which he believes is unnecessary or

---

[1] Defendant ultimately hired counsel two weeks after judgment was entered against him. (Doc. 42).

- 3 -

unreasonable. Upon review of Plaintiffs' counsel's log, the Court finds the 47.1 hours spent on the matter is a reasonable amount of time. (Doc. 41-1, Ex. A at 8–13).

### 2. Novelty and Difficulty of the Questions Presented

Plaintiffs argue an odometer fraud case is unique and requires a continual effort by counsel to discover and uncover documentation and facts to support proof of the violation and that the Defendant committed the violation with intent to defraud Plaintiffs. (Doc. 41 at 6). They further contend most lawyers fail to properly research the statute and the case law, and risk proof of a violation without the necessary element of intent to defraud. (*Id.*)

Defendant argues Plaintiffs' counsel specializes in this type of litigation and possesses extensive legal knowledge on how to advance these matters and, therefore, this is not a novel case. (Doc 51. at 4). The Court finds Defendant's argument does not detract from the difficulty of the matter. Plaintiffs contend the Odometer Act is not a strict liability statute, or even one where the proof is simply negligence. (Doc. 41 at 6). The Court agrees with Plaintiff that the requirement to prove intent to defraud makes these cases more difficult to reach a successful conclusion. (*Id.*)

### 3. Skill Requisite to Perform the Legal Service Properly

Plaintiffs' counsel represents that the legal issues raised by odometer fraud cases are sophisticated and require extensive knowledge of the law and where to find the documentation to support the violation, and to prove the element of an intent to defraud. (*Id.* at 7). He further argues because odometer fraud cases are frequently against small dealerships, the documentation normally found in an established dealership is not available. (*Id.*) The Court therefore finds an above average level of skill is required to perform the legal service in these cases.

### 4. Preclusion of Other Employment

Plaintiffs' counsel represents the time spent on this case was not, and could not be, spent at the same time on other cases. (*Id.* at 7). Plaintiffs' counsel limits his practice to consumer protection law to help individuals who seek remedies under the Odometer Act. (*Id.*)

### 5. Customary Fee

Plaintiffs' counsel asserts that his hourly rate of $475.00 is reasonable. (*Id.*) He contends the customary fee charged in matters of this type is in line with Plaintiffs' requested rate. He also cites the declaration of practicing Arizona consumer attorney Richard Groves who confirmed that Plaintiffs' rate of $475.00 per hour is a reasonable rate regularly charged in the District of Arizona ("District") for consumer protection litigation for an attorney of Plaintiffs' counsel experience. (*Id.*) Plaintiffs' counsel further notes $475.00 has been his standard hourly rate for consumer protection litigation since June of 2019. (*Id.* at 12).

The Court will reduce Plaintiffs' counsel's hourly rate to $425.00 as has been approved by judges in this District for similar actions. *See Baeza v. Compadres Auto Sales, LLC*, CV16-1903-PHX-DMF (Apr. 26, 2017); *Thompson v. Qal Dalmi Auto Sale LLC, et al.*, CV18-0478-PHX-JJT (Aug. 1, 2018); *Aguayo v. Transtyle, Inc., et al.*, CV 18-1174-PHXSRB (Aug. 29, 2018); *King v. Union Leasing, Inc., et al.*, CV17-3281-PHX-DGC (Oct. 2018); *Braunlich v. Arizona Road Trip Auto LLC, et al.*, CV 19-5906-PHX-DWL (Aug. 21, 2020); *Elasfia v. Lara, et al.*, CV20-1666-PHX-SMMCDB (Mar. 3, 2021). Each of these cases, including those cases adjudicated after 2019, awarded Plaintiffs' counsel hourly rates between $400.00 and $425.00. The Court will follow suit with the preceding decisions and reduce Plaintiff's hourly rate to $425.00.

### 6. Fixed or Contingent Fee

Plaintiffs' counsel represents that he worked on a contingency basis. (Doc. 54 at 6).

### 7. Time Limitations Imposed by Client or Circumstances

Plaintiffs' counsel represents that neither the client nor the circumstances of the case imposed any time limitations on this matter. (*Id.* at 9).

### 8. Amount Involved and Results Obtained

Plaintiffs received a total damage award of $19,595.58, including actual damages and punitive damages under the Odometer Act, and the ACFA. (*Id.* at 10). Plaintiffs' counsel contends fee awards in civil rights and consumer protection matters regularly

exceed the plaintiffs' recovery. *See City of Riverside v. Rivera*, 477 U.S. 561, 580 (1986) (awarding $245,450 fees on a $33,350 recovery, including 143 hours for trial preparation); *Grant v. Martinez*, 973 F.2d 96, 101 (2nd Cir. 1992) (fee award of $500,000 on $60,000 settlement).

### 9. Experience, Reputation, and Ability of the Attorneys

According to Plaintiff's counsel, he is an experienced attorney who has been practicing law for 31 years and has limited his practice to consumer protection matters. (Doc. 41 at 11).

### 10. Undesirability of the Case

Plaintiffs' counsel argues consumer protection cases, including Odometer Act claims, are undesirable because of the laborious task to obtain the requisite proof to win the case. (*Id.* at 11). He further contends the uncertain results impose increased risks on the practitioner. (*Id.*) Counsel's compensation is contingent on both the success of the action and is deferred until after the end of the case—when (and if) the compensation is collected from the defendant. (*Id.*) He contends, therefore, consumer protection cases are not attractive cases to most legal practitioners. (*Id.*) The Court agrees.

### 11. Nature and Length of the Professional Relationship with the Client

Prior to this case, Plaintiff has never been represented by this counsel. (*Id.*)

### 12. Awards in Similar Cases

Plaintiff references several cases from the District for awards in similar actions. (*Id.* at 12). In *King v. Union Leasing, Inc.*, the Court awarded plaintiff attorneys' fees of $ 14,917.50 under the Odometer Act. 2018 WL 5044660, at *3 (D. Ariz. Oct. 17, 2018). In *Braunlich v. Arizona Road Trip Auto LLC, et al.*, the Court awarded plaintiff attorneys' fees of $ 4,335.00 at $425.00 per hour for 10.2 hours under the Odometer Act. *Braunlich* involved a default judgment and therefore required less hours. *Id.* This Court finds the awarded rates from those cases to be comparable and instructive to the present one. Moreover, as noted, the Court's adjusted $425.00 hourly rate has been deemed reasonable by other judges in this District.

Overall, the Court finds that a reasonable rate for Plaintiffs' counsel is $425.00 per hour and that the 47.1 hours spent are reasonable, particularly because this case proceeded to a bench trial. The Court will therefore award Plaintiff attorney fees of $20,017.50. No further adjustment is necessary.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorney's Fees and Costs (Doc. 41) is **GRANTED** in part under the Odometer Act. The Court approves an attorney's fees and costs award in the amount of $20,017.50, for which Defendant is liable.

Dated this 4th day of October, 2021.

Honorable Diane J. Humetewa
United States District Judge